Scott O. Luskin, State Bar No. 238082
sol@paynefears.com
Brian R. Shaw, State Bar No. 311613
brs@paynefears.com
PAYNE & FEARS LLP
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

Attorneys for Defendant Space Exploration Technologies Corp.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THOMAS DANIEL, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

v.

SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a STARLINK and DOES 1-10 inclusive,

Defendants.

Case No. 2:26-cv-12757

[Removed from Los Angeles Superior Court, Case No. 26STCV29218]

**DEFENDANT SPACE EXPLORATION TECHNOLOGIES CORP.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332(d), 1453, AND 1711 FOR ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**

**[CAFA JURISDICTION]**

*[Filed Concurrently with Declaration of Scott O. Luskin; Declaration of Cory Clark; Civil Cover Sheet; Notice of Interested Parties; and Supporting Exhibits]*

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF, AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE,** pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. sections 1332(d), 1453, and 1711, and 28 U.S.C. section 1367, Defendant Space Exploration Technologies Corp. ("Defendant" or "SpaceX") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California on the following grounds:

## I. <u>PROCEDURAL BACKGROUND – THE STATE COURT ACTION</u>

1. On or about September 14, 2026, Plaintiff Thomas Daniel filed an action titled "*THOMAS DANIEL, individually, and on behalf of other members of the general public similarly situated v. SPACE EXPLORATION TECHNOLOGIES CORP., d/b/a STARLINK and DOES 1-10 inclusive*" in the Superior Court of the State of California, County of Los Angeles, Case No. 26STCV29218 (the "State Court Action"). A true and correct copy of the original Complaint that was filed by Plaintiff in the State Court Action is attached as **Exhibit "A"** to the Declaration of Scott O. Luskin ("Luskin Decl."), ¶ 2, Ex. A.

2. A true and correct copy of the Summons filed by Plaintiff in the State Court Action on September 14, 2026, is attached as **Exhibit "B"** to the Luskin Declaration.

3. A true and correct copy of the Civil Case Cover Sheet filed by Plaintiff in the State Court Action on September 14, 2026, is attached as **Exhibit "C"** to the Luskin Declaration.

4. A true and correct copy of the Alternative Dispute Resolution (ADR) Information Package issued by the Los Angeles County Superior Court on September 14, 2026, is attached as **Exhibit "D"** to the Luskin Declaration.

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

5. A true and correct copy of the Notice of Case Assignment - Unlimited Civil Case issued by the Los Angeles Superior Court on September 14, 2026, is attached as **Exhibit "E"** to the Luskin Declaration.

6. A true and correct copy of the First Amended General Order issued by the Los Angeles Superior Court on May 3, 2019, is attached as **Exhibit "F"** to the Luskin Declaration.

7. A true and correct copy of the Initial Status Conference Order issued by the Los Angeles Superior Court on September 30, 2026, is attached as **Exhibit "G"** to the Luskin Declaration.

8. A true and correct copy of the Minute Order Setting Initial Status Conference issued by the Los Angeles Superior Court on October 5, 2026, is attached as **Exhibit "H"** to the Luskin Declaration.

9. A true and correct copy of the Clerk's Certificate of Service for the Minute Order Setting Initial Status Conference issued by the Los Angeles Superior Court on October 5, 2026, is attached as **Exhibit "I"** to the Luskin Declaration.

10. The Complaint in the State Court Action was served on Defendant through personal service on September 30, 2026. A true and correct copy of the Proof of Service of Summons filed by Plaintiff on October 26, 2026, is attached as **Exhibit "J"** to the Luskin Declaration.

11. **Exhibits "A"** through **"J"** to the Index of Exhibits constitute the pleadings, process, and orders, if any, either filed but not served, or filed and served, upon or by Plaintiff or Defendant in the State Court Action at the time of removal.

12. Plaintiff alleges the following causes of action against Defendant on behalf of himself and the putative class: (1) Violation of False Advertising Law; and (2) Violation of Unfair Competition Law. (*See* Complaint ["Compl."] ¶¶ 65–76, 78–94.) Plaintiff defines the putative class as "[a]ll natural persons in the United States who, during the applicable statute of limitations period, purchased Starlink hardware and subscribed to a Starlink Roam service plan for use in a general aviation aircraft,

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

through the date of class certification." (*Id.* ¶ 48.)

13. In addition, Plaintiff alleges a "California Subclass" defined as "[a]ll natural persons residing in California who, during the applicable statute of limitations period, purchased Starlink hardware and subscribed to a Starlink Roam service plan for use in a general aviation aircraft, through the date of class certification." (Compl. ¶ 52.)

## II. REMOVAL IS TIMELY

14. Pursuant to 28 U.S.C. section 1446(b)(1), this case is being removed within 30 days of the time when Defendant first became aware that it was removable.

15. 28 U.S.C. section 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." *Id.*

16. "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings . . . ." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Here, the operative Class Action Complaint in the State Court Action was served September 30, 2026. (Luskin Decl. ¶ 11, Ex. J). This Notice of Removal is filed within 30 days of that date and is therefore timely under 28 U.S.C. section 1446(b)(1).

## III. PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT OF 2005

17. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. sections 1332(d), 1453, and 1711 ("CAFA"). As such, this action may be removed to this Court by Defendant pursuant to 28 U.S.C. sections 1446 and 1453.

18. Under CAFA, the federal district court has jurisdiction if:

a. Any class member (named or not) is a citizen of a different state

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

than any defendant; and

b. The combined claims of all class members exceed $5 million exclusive of interest and costs; and

c. There are at least 100 class members in all proposed plaintiff classes. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453(a).

19. "CAFA 'significantly expanded federal jurisdiction in diversity class actions.'" *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 398 (9th Cir. 2010)); *see also Garcia v. Acushnet Co.*, No. 3:21-cv-01581-BEN-BGS, 2022 U.S. Dist. LEXIS 78665, at *3 (S.D. Cal. Apr. 29, 2022). As such, it is incorrect to view "removal under CAFA . . . with a level of skepticism and resistance," *Jauregui*, 28 F.4th at 993, and "[t]here is no presumption against removal jurisdiction in CAFA cases." *Garcia v. Acushnet Co.*, No. 3:21-cv-01581-BEN-BGS, 2022 U.S. Dist. LEXIS 78665, at *7 (S.D. Cal. Apr. 29, 2022); *Proctor v. Helena Agri-Enters., LLC*, No. 18-cv-2833-JLS-NLS, 2019 U.S. Dist. LEXIS 72987, at *3 (S.D. Cal. Apr. 30, 2019) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014)).

20. Defendant denies any liability, both as to Plaintiff's individual and putative class claims. Defendant will present compelling defenses to these claims on the merits and intends to oppose class certification. Defendant believes that class treatment is inappropriate under these circumstances and that there are many material differences between the named Plaintiff and the putative class members Plaintiff seeks to represent in his Complaint. Moreover, Plaintiff is subject to Defendant's Terms of Use that contain legally enforceable class waiver and arbitration provisions.

21. Defendant expressly reserves all rights in these regards. However, for purposes of the jurisdictional requirements for CAFA removal only, Defendant notes that, as set forth in detail below, Defendant has a valid basis to remove this

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

action pursuant to CAFA because Plaintiff has filed a class action complaint where Defendant is a citizen of a state different from Plaintiff, the alleged amount in controversy exceeds $5 million in the aggregate, and the classes alleged in Plaintiff's Complaint contain over 100 class members. *See* 28 U.S.C. § 1332(d)(5)(B) and (d)(6).

### A. <u>The Diversity of Citizenship Requirement Is Satisfied Under CAFA Between Plaintiff and Defendant</u>

22. This Court has original jurisdiction pursuant to 28 U.S.C. section 1332(d) if, among the other requirements of section 1332(d), **<u>any</u>** member of a class is a citizen of a state different from **<u>any</u>** defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Since Plaintiff is a citizen of California (and other putative class members are citizens of states other than Texas) and Defendant is a citizen of Texas, minimal diversity exists between Plaintiff and Defendant, and there is jurisdiction under CAFA.

#### 1. Plaintiff Is a Citizen of the State of California

23. To establish citizenship of a natural person for diversity purposes, the party must be both a citizen of the United States and a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's "domicile" is the place where he resides, with the intent to remain or to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). Domicile is determined at the time the lawsuit was filed. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

24. While "[r]esidence alone is not the equivalent of citizenship . . . the place of residence is *prima facie* the domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see Mpock v. FCA US LLC*, No. 1:21-cv-00330-NONE-SAB, 2021 U.S. Dist. LEXIS 222463, at *14 (E.D. Cal. Nov. 17, 2021), report and recommendation adopted, No. 1:21-cv-00330-NONE-SAB, 2021

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

U.S. Dist. LEXIS 240876 (E.D. Cal. Dec. 16, 2021) ("While residency is distinct from domicile, the Supreme Court and numerous other courts have treated a person's residence as *prima facie* evidence of his domicile"). It is presumed that a natural person's residence is also his or her domicile, and a party resisting this presumption bears the burden of producing contrary evidence. *Dyer,* 19 F.3d at 519; *Lew*, 797 F.2d at 751.

25. Here, Plaintiff's Complaint confirms that at the time the State Court Action was filed, and at all relevant times, he was "an individual consumer residing in Portola Valley, California . . . ." (Compl. ¶ 22). Additionally, Plaintiff holds himself out as a flight instructor at San Carlos and Palo Alto airports (both located in California). (Luskin Decl. ¶ 12, Ex. K.) Accordingly, Plaintiff is, and at all times since the commencement of the State Court Action has been, a resident and citizen of California, and on information and belief intends to continue to remain there.

**2. Putative Class Members Are Citizens of States Beyond Texas**

26. Plaintiff alleges a "nationwide class," and putative class members are, and at all relevant times were, residents of states across the United States (including states beyond Texas). (Compl. ¶ 48; Declaration of Cory Clark ["Clark Decl."] ¶ 10.) Many of these non-Texas residents have maintained home addresses outside of Texas for the entirety of their service history and, on information and belief, intend to stay there. (Clark Decl. ¶ 10.) Accordingly, some putative class members are citizens of states other than Texas.

**3. Defendant Is a Citizen of the State of Texas**

27. When jurisdiction over a class is predicated on CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Defendant is now and was at the time of the filing of the State Court Action, a citizen of Texas within the meaning of 28 U.S.C. section 1332(c)(1).

28. The United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center."

*Hertz Corp.*, 559 U.S. at 92–93

29. At the time of the filing of the State Court Action, Defendant was, and still is, a corporation organized and incorporated under the laws of the State of Texas. (Clark Decl. ¶ 5.)

30. Defendant's principal place of business is also in the State of Texas. (Clark Decl. ¶ 5.) Accordingly, Defendant is a citizen of Texas for diversity purposes. *See Holland-Thielen et al. v. Space Exploration Technologies Corp.*, No. 2:24-cv-06972-CAS-RAO, 2024 U.S. Dist. LEXIS 201804, at *22 (C.D. Cal. Oct. 24, 2024) (holding Space Exploration Technologies Corp. is a citizen of Texas); *Soileau v. Space Exploration Techs. Corp.*, No. 2:24-cv-06397-ODW, 2024 U.S. Dist. LEXIS 219568, at *7-8 (C.D. Cal. Dec. 4, 2024) (same).

31. Thus, Defendant is a citizen of the State of Texas and was not a citizen of California when the State Court Action incepted and when this Petition and Notice was filed.

**4. Citizenship of "Doe Defendants" Must Be Disregarded**

32. While Plaintiff asserts claims against "Doe" defendants who are fictitiously named and not served, they are not joined in this Petition and Notice and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

defendants are considered. *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants").

**5. Minimal Diversity Exists between the Parties for Removal**

33. The minimal diversity requirement of 28 U.S.C. section 1332(d) is met in this action because the citizenship of at least one putative class member is diverse from the citizenship of at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff, a putative class member, is a citizen of California. (Compl. ¶ 22.) Additionally, some putative class members are citizens of states other than Texas. (*See* Clark Decl. ¶ 10.) Defendant is a Texas corporation with its principal place of business in Texas and is thus a citizen of the State of Texas. (Clark Decl. ¶ 5.); 28 U.S.C. § 1332(c). The citizenship of the "Doe defendants" is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1). Therefore, the requisite minimal diversity exists between Plaintiff and putative class members on one hand and Defendant on the other hand.

**B. <u>There Are More than 100 Members in the Proposed Class</u>**

34. This Court has original jurisdiction pursuant to 28 U.S.C. section 1332(d) if, among the other requirements of section 1332(d), the action involves a putative class of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Under CAFA, "the number of members of all proposed classes must exceed 100 in the aggregate." *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 966 (C.D. Cal. 2014).

35. Plaintiff proposes a class consisting of "[a]ll natural persons in the United States who, during the applicable statute of limitations period, purchased Starlink hardware and subscribed to a Starlink Roam service plan for use in a general aviation aircraft, through the date of class certification." (Compl. ¶ 48). Plaintiff alleges that "Plaintiff and similarly situated customers made substantial

upfront investments in Starlink's proprietary hardware . . . and created new Aviation-specific plans and directed consumers to those substantially more expensive plans." (*Id.* ¶¶ 6, 8.)

36. Based on Plaintiff's proposed class, there are two groups of putative class members (all of whom purportedly purchased Starlink Kits before Defendant initiated the aviation plans): (1) customers who purchased a Starlink Kit and later switched to an aviation plan; and (2) customers who purchased a Starlink Kit, exceeded the speed threshold of 100 miles per hour, and cancelled their service plans after Defendant initiated the aviation plans.

37. In the aggregate, there are at least 100 putative class members.

38. Category One: In the first two weeks of March 2026, more than 1,500 customers in the United States switched from a non-aviation service plan to an aviation service plan. (Clark Decl. ¶ 8.)

39. Category Two: There were more than 1,000 customers in the United States who received an email on March 1, 2026, advising that they exceeded the speed threshold and needed to migrate to an aviation service plan and who cancelled their service within 35 days (the next billing cycle). (*Id.* ¶ 9.)

40. Plaintiff's allegations also confirm that the class exceeds 100 members. (Compl. ¶¶ 13, 55 [alleging that "Class members number in the hundreds, if not thousands," and "the Aircraft Owners and Pilots Association" submitted a letter on behalf of its members to Defendant].)

41. Thus, should Plaintiff's proposed class be certified (which Defendant opposes), it would consist of far more than 100 members in the aggregate. The requirement that the action involves a putative class of at least 100 persons under CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**C. The Requisite Amount in Controversy Exceeds $5 Million**

42. Although Defendant denies that Plaintiff's claims have any merit, Defendant avers, for purposes of meeting the jurisdictional requirements for

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

removal only, if Plaintiff were to prevail on all claims asserted in his Complaint, the requested monetary recovery would exceed $5 million.

43. When a defendant alleges the amount in controversy exceeds the CAFA threshold, the notice to remove need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC,* 574 U.S. 81, 94–95 (holding the district court erroneously remanded to state court when the defendant had submitted a declaration in support of his calculation on the amount in controversy); *Clay v. Chobani LLC*, No. 14-cv-2258-BEN-DBH, 2015 U.S. Dist. LEXIS 105433, at *8 (S.D. Cal. Aug. 10, 2015). The amount in controversy considers the amount in dispute, not the amount a plaintiff is likely to recover. *Lewis*, 627 F.3d at 400. "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis*, 627 F.3d at 401). The amount in controversy is determined by including "all relief claimed at the time of removal to which plaintiff would be entitled if she prevails." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

44. As a general matter, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Only where "damages are not explicitly pleaded or evident from the face of the complaint, and federal jurisdiction is questioned on that basis" is the defendant seeking removal required to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million." *See Magallon v. Transtar Indus.*, No. 8:20-cv-02360-JLK-KES, 2021 U.S. Dist. LEXIS 87191, at *1 (C.D. Cal. May 6, 2021).

45. Here, Plaintiff explicitly pleads specific damages figures, which aggregated across the putative class, exceed $5 million.

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

**1. Plaintiff's Claims of Violations of False Advertising and Unfair Competition Laws Exceed $5 Million in Controversy**

46. Specific to the State Court Action, under California's false advertising and unfair competition laws, restitution must be of a measurable amount to restore to the plaintiff what has been acquired by violations of the statutes. *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2015). "The object of restitution is to restore the status quo . . . ." *Clark v. Superior Court*, 50 Cal. 4th 605, 614 (2010).

47. "[A]ggregation is a permissible method for estimating the amount in controversy under CAFA, and therefore, we can multiply a claim's value by the estimated or alleged class size." *Hernandez v. CBC Rest. Corp.*, No. cv-10-1056-GHK-FFM, 2010 U.S. Dist. LEXIS 154217, at *7 (C.D. Cal. Apr. 12, 2010); *see Allen Saltzman LLP v. Bank of Am. N.A.*, No. cv-24-1956-JGB-SP, 2025 U.S. Dist. LEXIS 111218, at *17 (C.D. Cal. June 11, 2025) (calculation of estimated damages multiplied by estimated class size is sufficient to meet CAFA threshold for amount in controversy for claim brought under California's Unfair Competition Law); *Newport v. Dell, Inc.*, No. cv-08-00096-TUC-CKJ, 2008 U.S. Dist. LEXIS 111755, at *19 (D. Ariz. May 16, 2008) (multiplying damages estimate by estimated number of class members is sufficient to establish CAFA threshold for amount in controversy in false advertising action).

48. Plaintiff defines the putative nationwide class broadly: "All natural persons in the United States who, during the applicable statute of limitations period, purchased Starlink hardware and subscribed to a Starlink Roam service plan for use in a general aviation aircraft, through the date of class certification." (Compl. ¶ 48.)

49. Plaintiff alleges that he "would not have purchased Starlink hardware or subscribed to the Roam plan, or would have paid substantially less for them, had he known that Defendant would unilaterally withdraw aviation functionality . . . ." (Compl. ¶ 44.)

50. He further alleges that "[a]s a direct and proximate result of Defendant's false and misleading advertising, Plaintiff and Class members suffered injury in fact and lost money or property, including amounts paid for Starlink hardware, installation, and subscription services, and the increased monthly costs necessary to obtain functionality following Defendant's post-sale restriction." (Compl. ¶ 74.)

51. He specifically alleges that "[i]n reliance on Defendant's representations . . . Plaintiff purchased a Starlink Mini terminal for $328.11, an aircraft mounting kit for approximately $498.67, and paid $1,484.33 to have a service center install the necessary power supply and hardware in his aircraft, for a total investment of approximately $2,311.11." (Compl. ¶ 30.)

52. Plaintiff alleges that "his experience was not unique, and that a substantial number of similarly situated general aviation pilots and consumers throughout California and the United States made comparable hardware investments in reliance on Defendant's . . . representations . . . ." (Compl. ¶ 39.) Thus, it is reasonable to estimate the amount in controversy by multiplying Plaintiff's estimated costs across the estimated number of putative class members to establish CAFA jurisdiction. *See Hernandez*, 2010 U.S. Dist. LEXIS 154217, at *7; *Allen*, 2025 U.S. Dist. LEXIS 111218, at *17.

53. As described above, there were (1) more than 1,500 putative class members who purchased a Starlink Kit and later switched to an aviation plan when they became available, and (2) more than 1,000 putative class members who purchased a Starlink Kit, received notice that they were exceeding the speed threshold of 100 miles per hour for the terrestrial service plan, and cancelled service shortly thereafter. (Clark Decl. ¶¶ 8, 9.)

54. The CAFA threshold is met based on the amount in controversy for the <u>first category</u> of putative class members alone.

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

55. Plaintiff alleges that Defendant's conduct caused Plaintiff and other putative class members to lose $2,311.11 from the material purchases alone. (Compl. ¶ 46.)[1]

56. Plaintiff also alleges that the service plan increased from $50.00 per month to $250.00 per month in March 2026.[2] (Compl. ¶¶ 31, 33, 35.) From the March billing cycle through the October billing cycle, inclusive, there are eight billing cycles. Plaintiff, who is allegedly similarly situated to other putative class members, alleges he must incur the "increased costs . . . going forward." (Compl. ¶ 42.)

57. Accordingly, if each of the more than 1,500 putative class members who transitioned to a general aviation service plan in March 2026, expended $2,311.11 (on the low-end) for the Starlink Kit and related installation costs and paid an additional $200.00 more per month for eight months ($1,600.00 in the aggregate), each putative class member's alleged damages are approximately $3,911.11 as of this submission.

58. The estimated number of putative class members who transitioned to a general aviation plan (1,500) multiplied by the estimated damages ($3,911.11) equals $5,866,665.00, which exceeds the threshold for CAFA jurisdiction.

59. There are an additional 1,000 putative class members in the <u>second category</u> who exceeded the speed threshold yet declined to migrate from a non-aviation plan to an aviation plan and cancelled service. The amount in controversy for these putative class members is $2,311,110.00 (the number of putative class members [1,000] multiplied by the alleged amount in controversy related to the Starlink Kit and its installation [$2,311.11].)

---

[1] Plaintiff's installation costs are likely on the low-end. (*See* Clark Decl. ¶ 11, Ex. A [estimates for installation of power connector for Starlink Mini Kit on a plane similar to Plaintiff's plane are $3,013.87 and $4,750.00].)

[2] Some putative class members' service plans increased to $1,000.00 per month. (Clark Decl. ¶ 7.)

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

60. Accordingly, the total amount reasonably in controversy based on Plaintiff's allegations is $8,177,775.00. The CAFA threshold is met.

**2. Attorneys' Fees at the Rate of 25% Must Also Be Considered in Calculating the Amount in Controversy**

61. Plaintiff seeks "an award of reasonable attorneys' fees and costs pursuant to statute, including but not limited to Code of Civil Procedure § 1021.5, and any other applicable provision of law[.]" (Compl. ¶ 95(f).)

62. Attorneys' fees are properly included in the calculation of the amount in controversy for CAFA jurisdiction. *Hawkins v. Walmart, Inc.*, No. 1:24-cv-00374-KES-SKO, 2024 U.S. Dist. LEXIS 151777, at *4 (E.D. Cal. Aug. 22, 2024) (observing attorneys' fees are part of calculation for amount in controversy in false advertising claim); s*ee Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (statutorily mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes).

63. In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."); *In re Activision Securities Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where attorneys' fees awards ranged between 25% and more than 40%); *Bazarganfard v. Club 360, LLC*, No. 2:21-cv-02272-CBM-PLA, 2026 U.S. Dist. LEXIS 125992, at *12 (C.D. Cal. May 15, 2026) (awarding fees of 25% in class action litigated by Law Office of Todd M. Friedman, P.C., Plaintiff's counsel here). Accordingly, including attorneys' fees of 25% is reasonable when calculating the amount in controversy. *See, e.g., Jacob v. CSL Plasma Inc.*, No. 24-cv-01807-DEB, 2024 U.S. Dist. LEXIS 221415, at *17 (S.D. Cal. Dec. 6, 2024) (observing that district courts in the Ninth Circuit have recognized that the benchmark for class action attorneys' fees is 25%).

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

64. Using the reasonable assumptions described above, the total amount in controversy is approximately $8,177,775.00. *See Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (observing that a defendant is permitted to rely on a chain of reasoning that includes assumptions to calculate the amount in controversy).

65. Thus, an additional $2,044,443.75 in potential attorneys' fees, calculated as 25% of the alleged compensatory damages described above, should be added to the amount in controversy. Accordingly, the total amount in controversy, including attorneys' fees, would be approximately $10,222,218.75.

### 3. **Summary of Amount in Controversy**

66. In light of the foregoing, Plaintiff's allegations establish an amount in controversy in excess of the jurisdictional minimum of $5 million for purposes of removal under CAFA.

## IV. NO EXCEPTION APPLIES TO DEFEAT CAFA REMOVAL

67. Because Defendant has shown that federal jurisdiction exists over this action, Plaintiff bears the burden of proof to show that an exception to CAFA removal applies, if any, and justifies remand. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007). Plaintiff cannot meet this burden, as neither the "Home State" nor the "Local Controversy" exceptions apply to this action.

### A. **The "Home State" Exception Does Not Apply**

68. The "Home State" exception does not apply because Defendant is not a citizen of California. Under the "Home State" exception, a case may be remanded where "*all* primary defendants" are citizens of California. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019) (emphasis added); *see also Corsino v. Perkins*, No. cv-09-09031-MMM-CW, 2010 U.S. Dist. LEXIS 10009, at *12-13 (C.D. Cal. Jan. 19, 2010) (emphasis added) ("Many courts agree that the term 'the primary defendants' means that all primary defendants must be citizens of the state concerned." (cleaned up)). Stated conversely, where any one primary defendant is a citizen of a state other than California, the "home state" exception will not apply to

justify remand. *Kearns v. Ford Motor Co*., No. cv-05-5644-GAF-JTL, 2005 U.S. Dist. LEXIS 41614, at *28 (C.D. Cal. Nov. 21, 2005).

69. Plaintiff has the burden of showing the "home state" exception applies to justify remand. *Serrano*, 478 F.3d at 1024. Plaintiff cannot meet this burden because Defendant is a citizen of the State of Texas, not California. *See Singh*, 925 F.3d at 1067-68.

**B. <u>The "Local Controversy" Exception Does Not Apply</u>**

70. The "Local Controversy" exception similarly does not apply because Defendant is a citizen of Texas.

71. The "local controversy" exception is a narrow one, and Plaintiff bears the burden of showing the exception applies. *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015). Like the "Home State" exception, the "Local Controversy" exception requires at least one defendant to be a citizen of the state in which the action was originally filed. *Villa v. C&W Facility Servs.*, No. 25-cv-10646-NW, 2026 U.S. Dist. LEXIS 76779, at *12 (N.D. Cal. Apr. 8, 2026).

72. The "Local Controversy" exception does not apply because Defendant is not a citizen of California.

## V. <u>THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. SECTION 1446 ARE SATISFIED</u>

73. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District in which the action is pending. The Los Angeles Superior Court is located within the Central District of California. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

74. In accordance with 28 U.S.C. section 1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to the Luskin Declaration in support of this Petition and Notice of Removal.

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750

75. In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles. Notice of Compliance shall be filed promptly with this Court.

76. As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed its Notice of Interested Parties, along with its Civil Case Cover Sheet.

## VI. CONCLUSION

77. Defendant hereby respectfully removes this action from the Superior Court of California in and for the County of Los Angeles to this United States District Court.

DATED: October 30, 2026

PAYNE & FEARS LLP

By: */s/ Scott O. Luskin*
SCOTT O. LUSKIN
BRIAN R. SHAW

Attorneys for Defendant Space Exploration Technologies Corp.

4932-1018-8509.2

PAYNE & FEARS LLP
Attorneys at Law
200 N. PACIFIC COAST HIGHWAY, SUITE 825
EL SEGUNDO, CALIFORNIA 90245
(310) 689-1750