Scott O. Luskin, State Bar No. 238082
sol@paynefears.com
Brian R. Shaw, State Bar No. 311613
brs@paynefears.com
PAYNE & FEARS LLP
200 N. Pacific Coast Highway, Suite 825
El Segundo, California 90245
Telephone: (310) 689-1750
Facsimile: (310) 689-1755

Attorneys for Defendant Space Exploration Technologies Corp.



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS DANIEL, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP. d/b/a STARLINK and DOES 1-10 inclusive,<br><br>Defendants. | Case No. 2:26-cv-12753<br><br>[Removed from Los Angeles Superior Court, Case No. 26STCV29218]<br><br>**DECLARATION OF SCOTT O. LUSKIN IN SUPPORT OF DEFENDANT'S PETITION AND NOTICE OF REMOVAL**<br><br>**[CAFA JURISDICTION]**<br><br>*[Filed concurrently with Petition and Notice of Removal; Declaration of Cory Clark; Civil Cover Sheet; Notice of Interested Parties; and Supporting Exhibits]* |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**DECLARATION OF SCOTT O. LUSKIN**

I, Scott O. Luskin, declare as follows:

1. I am an attorney duly licensed to practice before this Court and before all of the courts of the State of California. I am a partner with the law firm of Payne & Fears LLP, counsel of record for Defendant Space Exploration Technologies Corp. ("Defendant"). I have personal knowledge of the matters set forth in this declaration. If called as a witness, I could and would testify competently to the matters stated herein. I make this declaration in support of Defendant's Petition and Notice of Removal.

2. On September 30, 2026, I was advised by Defendant that Defendant had been served that day with a lawsuit titled, "*Thomas Daniel, individually, and on behalf of other members of the general public similarly situated, v. Space Exploration Technologies Corp., d/b/a Starlink and DOES 1-10, inclusive*," filed in the Superior Court of the State of California, County of Los Angeles, Case No. 26STCV29218 (the "State Court Action"). I received from Defendant a copy of the Complaint filed and served in the State Court Action, which I have maintained at my office as part of our file on the State Court Action. A true and correct copy of the Complaint served on Defendant is attached hereto as **Exhibit "A"** as part of the Index of Exhibits attached hereto.

3. I received, reviewed, and maintained the Summons served by Plaintiff Thomas Daniel, which was filed in the State Court Action on or about September 14, 2026. A true and correct copy of the Summons is attached hereto as **Exhibit "B"** as part of the Index of Exhibits attached hereto.

4. I received, reviewed, and maintained the Civil Case Cover Sheet served by Plaintiff Thomas Daniel, which was filed in the State Court Action on or about September 14, 2026. A true and correct copy of the Civil Case Cover Sheet is attached hereto as **Exhibit "C"** as part of the Index of Exhibits attached hereto.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

5. I received, reviewed, and maintained the Alternative Dispute Resolution (ADR) Information Package issued by the Los Angeles County Superior Court served by Plaintiff Thomas Daniel, which was filed in the State Court Action on or about September 14, 2026. A true and correct copy of the Alternative Dispute Resolution (ADR) Information Package issued by the Los Angeles County Superior Court is attached hereto as **Exhibit "D"** as part of the Index of Exhibits attached hereto.

6. I received, reviewed, and maintained the Notice of Case Assignment - Unlimited Civil Case issued by the Los Angeles Superior Court served by Plaintiff Thomas Daniel, which was filed in the State Court Action on or about September 14, 2026. A true and correct copy of the Notice of Case Assignment - Unlimited Civil Case issued by the Los Angeles Superior Court is attached hereto as **Exhibit "E"** as part of the Index of Exhibits attached hereto.

7. I received, reviewed, and maintained the First Amended General Order issued by the Los Angeles Superior Court served by Plaintiff Thomas Daniel, which was issued on or about May 3, 2019. A true and correct copy of the First Amended General Order issued by the Los Angeles Superior Court is attached hereto as **Exhibit "F"** as part of the Index of Exhibits attached hereto.

8. I received, reviewed, and maintained the Initial Status Conference Order issued by the Los Angeles Superior Court served by Plaintiff Thomas Daniel, which was filed in the State Court Action on or about September 30, 2026. A true and correct copy of the Initial Status Conference Order issued by the Los Angeles Superior Court is attached hereto as **Exhibit "G"** as part of the Index of Exhibits attached hereto.

9. I received, reviewed, and maintained the Court's Minute Order Regarding the Initial Status Conference Order issued by the Los Angeles Superior Court served by Plaintiff Thomas Daniel, which was filed in the State Court Action

on or about October 5, 2026. A true and correct copy of the Court's Minute Order Regarding the Initial Status Conference Order issued by the Los Angeles Superior Court is attached hereto as **Exhibit "H"** as part of the Index of Exhibits attached hereto.

10. I received, reviewed, and maintained the Clerk's Certificate of Service for the Minute Order Setting Initial Status Conference issued by the Los Angeles Superior Court, which was filed in the State Court Action on or about October 5, 2026. A true and correct copy of the Clerk's Certificate of Service for the Minute Order Setting Initial Status Conference issued by the Los Angeles Superior Court is attached hereto as **Exhibit "I"** as part of the Index of Exhibits attached hereto.

11. The Complaint in the State Court Action was served on Defendant through personal service on September 30, 2026. I obtained from the Court, reviewed, and maintained in my office a copy of the Proof of Service of Summons filed by Plaintiff on October 26, 2026, and a true and correct copy of that document is attached hereto as **Exhibit "J"** as part of the Index of Exhibits attached hereto.

12. On October 29, 2026, I visited https://cfi.thomas-daniel.com/index.html, which appears to be a website maintained by Plaintiff Thomas Daniel. Attached hereto as **Exhibit "K"** as part of the Index of Exhibits attached hereto is a screenshot of the "About Me" page, which identifies that Plaintiff is a flight instructor "at San Carlos and Palo Alto airports."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of October, 2026, at El Segundo, California.

*/s/ Scott O. Luskin*
SCOTT O. LUSKIN

4938-6574-6397.2

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**INDEX OF EXHIBITS**

| **Exhibit** | **Document Description** |
|---|---|
| Ex. A | Complaint |
| Ex. B | Issued Summons |
| Ex. C | Civil Cover Sheet. |
| Ex. D | ADR package |
| Ex. E | Notice of Case Assignment |
| Ex. F | General Order |
| Ex. G | Initial Status Conf Order |
| Ex. H | Court's Minute Order Re Initial Status Conference Order issued by the Los Angeles Superior Court |
| Ex. I | Clerk's Certificate of Service for the Minute Order Setting Initial Status Conference issued by the Los Angeles Superior Court |
| Ex. J | LASC Proof of Service of Summons and Complaint |
| Ex. K | Thomas Daniel Screenshot.pdf |

# EXHIBIT A

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

Electronically FILED by Superior Court of California, County of Los Angeles 9/14/2026 2:37 PM David W. Slayton, Executive Officer/Clerk of Court, By G. Delgado, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF LOS ANGELES**
**UNLIMITED JURISDICTION**

THOMAS DANIEL, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

vs.

SPACE EXPLORATION TECHNOLOGIES CORP., d/b/a STARLINK and DOES 1-10 inclusive,

Defendants.

Case No. 26STCV29218

**CLASS ACTION COMPLAINT**

(1) Violation of False Advertising Law (Cal. Business & Professions Code §§ 17500 *et seq.*) and
(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)

(Amount to Exceed $35,000)

**Jury Trial Demanded**

**NATURE OF THE ACTION**

1. Plaintiff THOMAS DANIEL ("Plaintiff") brings this class action against Defendant SPACE EXPLORATION TECHNOLOGIES CORP., doing business as STARLINK ("Defendant" or "Starlink"), for false advertising and unlawful, unfair, and fraudulent business practices arising from Starlink's marketing, sale, and post-sale restriction of satellite internet service and hardware that Starlink represented could be used for general aviation purposes, but later restricted, degraded, and rendered unusable unless consumers paid substantially more for a different plan.

2. Starlink is a satellite internet provider that markets hardware and subscription-based service plans to consumers throughout California and the United States. In connection with the products and services at issue here, Starlink marketed its service as capable of providing internet access in mobile and in-motion settings and, more specifically, made express representations concerning general aviation use.

3. Specifically, in Starlink Help Center and FAQ materials available at the time Plaintiff purchased his equipment and service, Starlink expressly addressed the question, "What service plans are compatible with Starlink Mini for Aviation use?" In response, Starlink represented that general aviation customers could select certain service plans, including its Roam 50GB plan, for aircraft operating at ground speeds under 450 mph.

4. These were not vague slogans or generalized aspirational statements. They were specific, operational representations directed to a defined category of consumers – general aviation pilots – concerning which service plans could be used for aviation purposes with the Starlink Mini terminal.

5. In reliance on those representations, beginning on or around October 2025, Plaintiff purchased Starlink hardware, including a Starlink Mini terminal, an aircraft mounting kit, and incurred substantial additional installation costs to equip his single-engine Cirrus SR22 aircraft for Starlink use, and subscribed to Starlink's lower-cost Roam 50GB service plan at $50 per month.

6. After Plaintiff and similarly situated consumers made substantial upfront investments in Starlink's proprietary hardware and ecosystem, Starlink materially altered the functionality of the service by imposing, on or about March 4, 2026, a previously undisclosed 100 mph in-motion speed restriction that caused the service to cease functioning during normal aircraft operation, cutting off access instantaneously and without warning – including for pilots

who were actively in flight and relying on the service at the moment it was disabled.

7. As a result of these restrictions, the Roam plan – previously marketed as compatible with general aviation use – became unusable for its intended aviation purpose.

8. Starlink simultaneously created new Aviation-specific plans and directed consumers to those substantially more expensive plans, starting at $250 per month, in order to restore or maintain the functionality Starlink had previously represented was available under the lower-cost Roam plan – while also reducing the data allowance available under the new plans to 20GB, less than half of the 50GB Plaintiff had previously received.

9. This conduct constitutes a bait-and-switch scheme in which Defendant induced consumers to purchase hardware and services based on specific aviation-use representations, only to withdraw that functionality post-sale and require consumers to pay significantly higher recurring fees for materially less data in order to regain it.

10. Plaintiff alleges that Defendant's conduct misled consumers, deprived them of the benefit of their bargain, and caused them to lose money and property, including money spent on Starlink hardware, installation, subscription charges, and increased monthly service costs.

11. Plaintiff further alleges that Defendant's conduct was false, deceptive, unfair, and unlawful, including because Starlink's post-sale restrictions contradicted its prior aviation-facing representations and were implemented without the advance notice that Starlink's own Terms of Service represented it would provide for material changes to the service.

12. Starlink's conduct further placed consumers in a coercive position, where, after incurring substantial sunk costs in Starlink-specific hardware and installation – in Plaintiff's case, approximately $2,311.11 – they were forced to either abandon their investment or pay significantly higher prices to continue using the service for the same purpose originally represented, in an environment where no comparable competing satellite internet product was

reasonably available to consumers.

13. Defendant's conduct has attracted significant public attention and criticism, including a letter from the Aircraft Owners and Pilots Association ("AOPA") and the International Council of Aircraft Owner and Pilot Associations to Defendant's Chief Executive Officer, dated March 9, 2026, urging Defendant to reconsider its pricing changes. That letter observed that Starlink's in-flight connectivity provides pilots with access to weather information, flight planning resources, and emergency communications – functionality AOPA characterized as a meaningful enhancement to operational safety and not merely a convenience – and that pilots and small operators made substantial financial commitments to Starlink-compatible hardware in good-faith reliance on the expectation that the service would remain economically viable for general aviation use.

14. Through this action, Plaintiff seeks restitution, injunctive relief, and all other relief authorized under California's False Advertising Law, Business and Professions Code section 17500, et seq., and Unfair Competition Law, Business and Professions Code section 17200, et seq.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution because the amount in controversy exceeds $35,000 and the claims arise under California statutory law.

16. This action is brought as a class action pursuant to California Code of Civil Procedure § 382. Defendant's representations regarding the aviation compatibility of its Roam plans were uniform, standardized, and disseminated through Defendant's online platform and marketing materials, forming the basis of Plaintiff's and Class Members' transactions with Defendant.

17. This Court has personal jurisdiction over Defendant because Defendant Space Exploration Technologies Corp., which does business as "Starlink," is registered to do business in California, maintains a principal mailing address in Hawthorne, California, and has designated an agent for service of process in California. Defendant purposefully directs its business activities toward California residents by marketing, advertising, offering for sale, and selling its Starlink hardware and satellite internet services to consumers throughout California, including through its website and online ordering platform.

18. Defendant conducts substantial and continuous business within California, including by (a) marketing Starlink products and services to California consumers, (b) entering into contracts with California residents through its online platform, (c) shipping Starlink hardware into California, (d) collecting monthly subscription payments from California consumers, and (e) deriving substantial revenue from such activities within this State.

19. The claims asserted herein arise out of Defendant's contacts with California. Plaintiff is informed and believes that Defendant's representations regarding Starlink service plans, including their compatibility with general aviation use, were disseminated to consumers in California through Defendant's website, Help Center materials, FAQs, and related marketing content, and were relied upon by California consumers, including Plaintiff, in purchasing Starlink equipment and services.

20. Venue is proper in this Court pursuant to California Code of Civil Procedure section 395(a) because a substantial portion of the events giving rise to the claims occurred in this County, including Defendant's marketing and sale of the Starlink system to Plaintiff through its online platform, Plaintiff's purchase of Starlink equipment and subscription services, and the economic injuries suffered as a result of Defendant's conduct.

21. Venue is further proper because Defendant maintains a presence in California,

conducts substantial business in this State, and the harm suffered by Plaintiff and members of the Class was directed at and felt within California.

## PARTIES

22. Plaintiff is, and at all relevant times was, an individual consumer residing in Portola Valley, California, who purchased Starlink equipment and subscription services for personal use, including installation and use in his general aviation aircraft, a single-engine Cirrus SR22. Plaintiff purchased Starlink's hardware and subscribed to its Roam 50GB service plan in reasonable reliance on Defendant's express representations that the plan was compatible with general aviation use under defined conditions.

23. Defendant Space Exploration Technologies Corp. is a corporation with its principal mailing address in Hawthorne, California. Defendant does business under the name "Starlink" and is engaged in the business of designing, marketing, selling, and providing satellite-based internet services and related hardware to consumers throughout the United States, including California.

24. Defendant, through its Starlink brand, markets and sells satellite internet service plans, including mobile and aviation-related service offerings, and proprietary hardware required to access those services. Defendant's products and services are offered directly to consumers through its website and online ordering platform.

25. Plaintiff is informed and believes, and thereon alleges, that Defendant purposefully directs its advertising, marketing, and sales activities toward California residents and derives substantial revenue from the sale of Starlink hardware and subscription services within this State.

26. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant and DOES 1 through 10, inclusive, were agents, servants, employees, partners, joint

venturers, alter egos, and/or co-conspirators of one another, and were acting within the course and scope of such relationships.

27. Plaintiff is further informed and believes, and thereon alleges, that each of the DOE Defendants is in some manner responsible for the acts, omissions, occurrences, and transactions alleged herein, and that Plaintiff's damages were proximately caused by such Defendants.

**FACTUAL ALLEGATIONS**

28. At all relevant times herein, Plaintiff owned and operated a single-engine Cirrus SR22 aircraft for personal use.

29. Prior to and at the time Plaintiff purchased his Starlink equipment, Defendant represented, through its Help Center and FAQ materials, that its Roam plans, including the Roam 50GB plan, were compatible with general aviation use for aircraft operating at ground speeds under 450 mph. These representations were disseminated to consumers, including Plaintiff, through Defendant's website and were material to consumers' decisions to purchase Starlink hardware and subscribe to its services.

30. In reliance on Defendant's representations, on or around October 2025, Plaintiff purchased a Starlink Mini terminal for $328.11, an aircraft mounting kit for approximately $498.67, and paid $1,484.33 to have a service center install the necessary power supply and hardware in his aircraft, for a total investment of approximately $2,311.11.

31. Plaintiff also subscribed to Starlink's Roam 50GB service plan at $50 per month, with his first invoice dated October 20, 2025, and paid for the service on a monthly basis thereafter.

32. Plaintiff used the Starlink service as advertised for several months, including for in-flight internet access, access to weather and flight-safety information, communications, and

other purposes, without any indication from Defendant that such use was impermissible or would be restricted.

33. On or about March 4, 2026, without providing the thirty days' advance notice of material changes that Defendant's own Terms of Service represented it would provide, Defendant abruptly and unilaterally imposed a 100 mph in-motion speed restriction on the Roam and Priority plans, effectively eliminating the ability to use the service during normal operation of general aviation aircraft, including Plaintiff's aircraft.

34. This change was implemented instantaneously, without advance notice to consumers. Plaintiff is informed and believes that numerous pilots, including individuals known to Plaintiff, were actively operating their aircraft in flight and relying on Starlink connectivity at the moment the restriction took effect, and had their internet access cut off mid-flight without warning.

35. Simultaneously with imposing the speed restriction, Defendant created new, Starlink-branded "Aviation" plans and represented that consumers could restore aviation functionality only by upgrading to those plans, which start at $250 per month – five times the $50 per month Plaintiff had been paying – while reducing the included data allowance to 20GB, less than half of the 50GB Plaintiff had previously received under the Roam plan.

36. Plaintiff is informed and believes that Defendant's Help Center and FAQ materials representing the Roam plans as aviation-compatible were subsequently removed from Defendant's website following the March 2026 change, and that archived versions of those materials, recovered through the Internet Archive Wayback Machine, confirm the representations Defendant disseminated to Plaintiff and other consumers at the time of purchase.

37. Plaintiff contacted Defendant through its customer support ticket system and requested, in the alternative, a refund or a credit for his hardware and installation costs.

Defendant refused both requests, leaving Plaintiff with no option to restore the functionality he had purchased other than paying substantially more for materially less service.

38. Defendant's abrupt speed restriction and price increase provoked substantial public criticism from the general aviation community, including the March 9, 2026 letter from AOPA and the International Council of Aircraft Owner and Pilot Associations to Defendant's Chief Executive Officer. That letter identified Starlink's in-flight connectivity as providing continuous access to weather information, flight planning resources, operational coordination, and emergency communication pathways, and characterized this functionality as a meaningful enhancement to operational safety rather than a mere convenience. The letter further noted that pilots and small operators made substantial financial commitments to Starlink-compatible hardware in good-faith reliance on the expectation that the service would remain economically viable for the general aviation sector, and warned that the new pricing structure would place the service beyond the reach of a significant portion of the general aviation community.

39. Plaintiff is informed and believes that his experience was not unique, and that a substantial number of similarly situated general aviation pilots and consumers throughout California and the United States made comparable hardware investments in reliance on Defendant's aviation-use representations and were similarly affected by Defendant's speed restriction and price increase, as reflected in discussions among affected pilots in online forums, industry groups, and public commentary.

40. On information and belief, Defendant possesses substantial market power in the market for satellite-based internet connectivity suitable for general aviation use, and no reasonably comparable competing product was available to consumers such as Plaintiff at the time Defendant unilaterally altered the terms and pricing of its service.

41. Defendant knew, or in the exercise of reasonable care should have known, that

its representations regarding the aviation compatibility and durability of its Roam plans were false or misleading given its subsequent, abrupt withdrawal of that functionality.

42. Plaintiff relied on Defendant's representations regarding aviation compatibility in purchasing Starlink hardware and subscribing to Starlink's services. Such reliance was reasonable under the circumstances and directly resulted in economic injury, including the amounts Plaintiff spent on hardware and installation that were rendered valueless for their represented purpose, and the increased costs Plaintiff must incur to obtain comparable functionality going forward.

43. Defendant's conduct had a tendency to mislead and deceive reasonable consumers, including Plaintiff, into believing that the Roam plan they purchased would remain available and functional for general aviation use.

44. Plaintiff would not have purchased Starlink hardware or subscribed to the Roam plan, or would have paid substantially less for them, had he known that Defendant would unilaterally withdraw aviation functionality without notice and require substantially higher payments to restore materially reduced service.

45. On information and belief, Defendant's representations regarding aviation-use compatibility, its failure to provide the notice of material changes that its own Terms of Service promised, and its post-sale restriction of previously represented functionality are standardized business practices applied uniformly to consumers nationwide, including consumers in California.

46. Defendant's conduct caused Plaintiff to lose money and/or property within the meaning of California Business and Professions Code §§ 17204 and 17535, including but not limited to the approximately $2,311.11 Plaintiff spent on hardware and installation costs, and the increased monthly service costs Plaintiff has incurred and will continue to incur as a result

of Defendant's conduct.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action on behalf of himself and all others similarly situated, and thus seeks class certification under California Code of Civil Procedure § 382.

48. The nationwide class Plaintiff seeks to represent (the "Class") is defined as follows:

> All natural persons in the United States who, during the applicable statute of limitations period, purchased Starlink hardware and subscribed to a Starlink Roam service plan for use in a general aviation aircraft, through the date of class certification.

49. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

50. Defendant, its officers, directors, parents, subsidiaries, affiliates, agents, and employees, are excluded from the Class. Plaintiff does not know the exact number of members in the Class, but believes the Class members number in the hundreds, if not thousands, given Defendant's widespread sale and distribution of its hardware and services nationwide to the general aviation community. Thus, this matter should be certified as a class action to assist in the expeditious litigation of the matter.

51. In addition, Plaintiff seeks to represent the subclass (the "California Subclass") defined as follows:

52. All natural persons residing in California who, during the applicable statute of limitations period, purchased Starlink hardware and subscribed to a Starlink Roam service plan for use in a general aviation aircraft, through the date of class certification.

53. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

54. The members of the Class are ascertainable through Defendant's records,

including but not limited to customer account data, hardware purchase and shipping records, subscription and billing records, customer support records, and other records maintained in the ordinary course of Defendant's business.

55. Upon information and belief, the proposed Class consists of hundreds, if not thousands, of consumers nationwide. The Class is so numerous that individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes, and thereon alleges, that the Class includes hundreds, if not thousands, of members, ascertainable through records maintained by Defendant.

56. No violations alleged in this Complaint are contingent on any individualized interaction between Class Members and Defendant. Rather, the claims arise from Defendant's standardized marketing, uniform representations regarding the aviation compatibility of its Roam service plans, and Defendant's uniform, company-wide decision to impose an undisclosed speed restriction and require all similarly situated customers to pay substantially more for a materially reduced plan.

57. There are common questions of law and fact common to the Class that predominate over any questions affecting only individual members, including but not limited to:

a. Whether Defendant made advertising statements regarding the aviation compatibility of its Roam plans that were untrue or misleading within the meaning of California Business and Professions Code § 17500;

b. Whether Defendant's representations that the Roam plans were compatible with general aviation use were likely to deceive reasonable consumers;

c. Whether Defendant's imposition of an undisclosed 100 mph speed restriction rendered the Roam plans unusable for their represented aviation

purpose;

d. Whether Defendant failed to provide the notice of material changes to its service that its own Terms of Service represented it would provide;

e. Whether Defendant had knowledge that its aviation-use representations would not remain accurate and failed to disclose that fact to consumers;

f. Whether Defendant violated California Business and Professions Code §§ 17200, et seq. and §§ 17500, et seq.;

g. Whether Defendant's conduct caused Class Members to lose money or property within the meaning of §§ 17204 and 17535; and

h. The appropriate measure of restitution and scope of injunctive relief.

58. Plaintiff is a member of the Class he seeks to represent.

59. The claims of Plaintiff are typical of the claims of the Class because they arise from the same course of conduct and are based on the same legal theories.

60. Plaintiff has no interest antagonistic to, or in conflict with, the Class.

61. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff relied on Defendant's representations regarding aviation-use compatibility during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.

62. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel experienced in complex consumer and class action litigation.

63. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The financial harm suffered by individual Class Members may be relatively modest compared to the expense of individual litigation. Absent class treatment,

Defendant's alleged misconduct would likely continue without effective judicial oversight.

**FIRST CAUSE OF ACTION**
**Violation of the California False Advertising Law**
**(Cal. Bus. & Prof. Code §§ 17500 *et seq.*)**

64. Plaintiff incorporates by reference each allegation set forth above.

65. California Business and Professions Code § 17500 prohibits any person or entity from making or disseminating any statement concerning property or services that is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

66. Defendant disseminated advertising statements to consumers nationwide, including Plaintiff, through its website, Help Center materials, FAQs, and related marketing content regarding the aviation compatibility of its Roam service plans.

67. Through these materials, Defendant represented that general aviation customers could select the Roam plans, including the Roam 50GB plan, for use in aircraft operating at ground speeds under 450 mph.

68. Defendant further represented, expressly and by implication, that this aviation-use functionality was a stable and reliable feature of the plan Plaintiff purchased, and did not disclose that Defendant might unilaterally withdraw or materially restrict that functionality without the advance notice its own Terms of Service represented it would provide.

69. These representations constituted advertising within the meaning of California Business and Professions Code § 17500 and were material to consumers' decisions to purchase Starlink hardware and to subscribe to and rely upon the Roam plan for general aviation use.

70. Defendant's representations regarding the aviation-use compatibility and durability of the Roam plan were untrue or misleading because, months after Plaintiff and other consumers purchased hardware and subscribed to the service in reliance on those

representations, Defendant abruptly and without notice imposed a 100 mph speed restriction that rendered the plan unusable for its represented aviation purpose.

71. Defendant's omissions were likewise misleading, as Defendant failed to disclose that the represented aviation-use functionality might be withdrawn or materially restricted, and failed to provide the advance notice of material changes that its own Terms of Service promised.

72. Defendant knew or, in the exercise of reasonable care, should have known that these advertising statements and omissions were untrue or misleading at the time they were made.

73. Defendant made these representations with the intent to induce consumers, including Plaintiff and members of the Class, to purchase Starlink hardware and subscribe to the Roam plan.

74. As a direct and proximate result of Defendant's false and misleading advertising, Plaintiff and Class Members suffered injury in fact and lost money or property, including amounts paid for Starlink hardware, installation, and subscription services, and the increased monthly costs necessary to obtain comparable functionality following Defendant's post-sale restriction.

75. Defendant's false and misleading advertising presents an ongoing threat to consumers, including Plaintiff and the Class, as Defendant continues to market and sell its hardware and service plans without adequately disclosing the limitations described herein.

76. Plaintiff and the Class therefore seek restitution of all monies wrongfully obtained by Defendant, as well as injunctive relief prohibiting Defendant from continuing to engage in the deceptive advertising practices described herein, pursuant to California Business and Professions Code § 17535.

**SECOND CAUSE OF ACTION**
**Violation of Unfair Competition Law**
**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

77. Plaintiff incorporates by reference each allegation set forth above as though fully stated herein.

78. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair, or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm – that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

79. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

80. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or

competition; and (3) is not one that consumers themselves could reasonably have avoided.

81. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and Class Members purchased Starlink hardware and subscribed to the Roam plan in reliance on Defendant's representations regarding aviation-use compatibility, made substantial investments in reliance on those representations, and were later informed, without advance notice, that the plan they purchased would no longer function for its represented purpose unless they paid five times the price for a plan offering less than half the data. Defendant leveraged its market power and the absence of any comparable competing product to impose these changes on a captive base of consumers who had already sunk substantial costs into Starlink-specific hardware.

82. Defendant's conduct provides no countervailing benefit to consumers and primarily serves Defendant's financial interest in extracting higher recurring revenue from consumers already heavily invested in its proprietary hardware ecosystem, while failing to ensure that its prior representations regarding aviation-use compatibility remained accurate. Reasonable alternatives exist, including properly disclosing the risk of future restrictions, honoring the thirty days' notice for material changes promised in its own Terms of Service, and grandfathering existing aviation customers under a program comparable to the early-adopter protections requested by AOPA.

83. Finally, the injury suffered by Plaintiff and members of the Class is not one that consumers could reasonably have avoided. Consumers cannot independently verify or override Defendant's internal decisions regarding service availability, and reasonably relied on Defendant's representations that the Roam plan would remain available for aviation use once purchased.

84. Thus, Defendant's conduct has violated the "unfair" prong of California Business

& Professions Code § 17200.

**FRAUDULENT**

85. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

86. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

87. Here, Plaintiff reasonably relied on Defendant's representations that the Roam plan he purchased was compatible with, and would remain available for, general aviation use.

88. These misrepresentations and omissions were material to Plaintiff's and the Class's decision to purchase Starlink hardware and to subscribe to and rely upon the Roam plan for aviation purposes.

89. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

**UNLAWFUL**

90. California Business and Professions Code section 17200, et seq., prohibits "any unlawful ... business act or practice."

91. As explained above, Defendant engaged in false and misleading advertising in violation of California Business and Professions Code § 17500 by making untrue or misleading statements regarding the aviation-use compatibility and durability of its Roam plan.

92. Defendant's violations of § 17500 constitute predicate "unlawful" acts under

California Business and Professions Code § 17200. These representations and practices by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 et seq.

93. Had Defendant not engaged in false advertising and deceptive omissions, Plaintiff and Class Members would not have purchased Starlink hardware or subscribed to the Roam plan, or would have paid substantially less for them in light of the risk that the represented aviation functionality could be withdrawn without notice.

94. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order for public injunctive relief requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

**PRAYER FOR RELIEF**

95. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment against Defendant and in favor of Plaintiff and the Class and grant the following relief:

a. An order certifying this action as a class action pursuant to Code of Civil Procedure § 382, appointing Plaintiff as Class Representative, and appointing the undersigned counsel as Class Counsel;

b. An order requiring Defendant, at its own expense, to provide notice to all Class Members of the pendency of this action and the unlawful, deceptive, and unfair practices alleged herein;

c. An order for public injunctive relief prohibiting Defendant from continuing the unlawful conduct described in this Complaint, including future false advertising

and unfair business practices, and requiring Defendant to provide the notice of material changes to its services that its Terms of Service represent it will provide;

d. An order for restitution pursuant to California Business and Professions Code §§ 17203 and 17535 restoring to Plaintiff and Class Members all monies acquired by means of Defendant's unlawful, unfair, and fraudulent practices;

e. An order for disgorgement of ill-gotten gains to the extent permitted by law;

f. An award of reasonable attorneys' fees and costs pursuant to statute, including but not limited to Code of Civil Procedure § 1021.5, and any other applicable provision of law;

g. An award of prejudgment and post-judgment interest as permitted by law; and Such other and further legal or equitable relief as the Court may deem proper, just, and appropriate under the circumstances.

Dated: September 14, 2026

Respectfully submitted,

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: ______________________________

TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/14/2026 2:37 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Delgado, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

SPACE EXPLORATION TECHNOLOGIES CORP., d/b/a STARLINK and DOES 1-10 inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

THOMAS DANIEL, individually, and on behalf of other members of the general public similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court
Stanley Mosk Courthouse, 111 N. Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
26STCV29218

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, Adrian R. Bacon, 23586 Calabasas Rd., Suite 105, Calabasas, CA 91302, 323-306-4234

DATE: 09/14/2026 *(Fecha)*
Clerk, by *(Secretario)* David W. Slayton, Executive Officer/Clerk of Court G. Delgado , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Space Exploration Technologies Corp., d/b/a Starlink

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

# EXHIBIT C

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 216752
NAME: Todd M. Friedman
FIRM NAME: Law Offices of Todd M. Friedman, P.C.
STREET ADDRESS: 23586 Calabasas Rd., Suite 105
CITY: Calabasas STATE: CA ZIP CODE: 91302
TELEPHONE NO.: 323-306-4234 FAX NO.:
EMAIL ADDRESS: tfriedman@toddflaw.com
ATTORNEY FOR (*name*): Plaintiff,Thomas Daniel

*FOR COURT USE ONLY*

**Electronically FILED by Superior Court of California, County of Los Angeles 9/14/2026 2:37 PM David W. Slayton, Executive Officer/Clerk of Court, By G. Delgado, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Thomas Daniel v. Space Exploration Technologies Corp., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 26STCV29218 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $35,000) / [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [X] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? [X] Yes [ ] No

If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [X] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. [X] monetary
b. [X] nonmonetary; declaratory or injunctive relief
c. [ ] punitive

4. Number of causes of action *(specify):* 2

5. Is this case a class action suit? [X] Yes [ ] No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 14, 2026

Todd M. Friedman ▶ ______________________________

(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE<br>Thomas Daniel v. Space Exploration Technologies Corp., et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Superior Court of Los Angeles County**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Thomas Daniel v. Space Exploration Technologies Corp., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☒ 3501 Other Non-Personal Injury/Property Damage Tort | 1, XXXX |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Thomas Daniel v. Space Exploration Technologies Corp., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Contract (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| Real Property | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels ______ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| Unlawful Detainer | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| Judicial Review | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE<br>Thomas Daniel v. Space Exploration Technologies Corp., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Provisionally Complex Litigation (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Thomas Daniel v. Space Exploration Technologies Corp., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

<table>
<tr><td colspan="3">REASON:<br>☒ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11</td><td rowspan="2">ADDRESS:</td></tr>
<tr><td>CITY:</td><td>STATE:</td><td>ZIP CODE:</td></tr>
</table>

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central Judicial District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and SCLAC Local Rule 2.3(a)(1)(E)]

Dated: September 14, 2026

______________________________
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form SCLAC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

# EXHIBIT D

Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

## What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

## Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

## Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

## Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

Superior Court of California
County of Los Angeles

Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section

Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers

California Employment
Lawyers Association

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | | CASE NUMBER: |

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to ______________ (INSERT DATE) for the complaint, and ______________ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at www.lacourt.org under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

Date:

______________________ ➤ ______________________
(TYPE OR PRINT NAME) (ATTORNEY FOR ______________)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION – DISCOVERY RESOLUTION** | | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| | |

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

   It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➤

_______________________ (TYPE OR PRINT NAME) _______________________ (ATTORNEY FOR PLAINTIFF)

Date:

➤

_______________________ (TYPE OR PRINT NAME) _______________________ (ATTORNEY FOR DEFENDANT)

Date:

➤

_______________________ (TYPE OR PRINT NAME) _______________________ (ATTORNEY FOR DEFENDANT)

Date:

➤

_______________________ (TYPE OR PRINT NAME) _______________________ (ATTORNEY FOR DEFENDANT)

Date:

➤

_______________________ (TYPE OR PRINT NAME) _______________________ (ATTORNEY FOR _______________)

Date:

➤

_______________________ (TYPE OR PRINT NAME) _______________________ (ATTORNEY FOR _______________)

Date:

➤

_______________________ (TYPE OR PRINT NAME) _______________________ (ATTORNEY FOR _______________)

Print Save Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | | CASE NUMBER: |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: ________________ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: ________________ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**



Print Save Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | | CASE NUMBER: |

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR PLAINTIFF)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR DEFENDANT)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

Date:

➤

(TYPE OR PRINT NAME) (ATTORNEY FOR ____________________)

**THE COURT SO ORDERS.**

Date: ______________________________

JUDICIAL OFFICER

Print Save Clear

FILED
LOS ANGELES SUPERIOR COURT
MAY 11 2011
JOHN A. CLARKE, CLERK
N. Navarro
BY NANCY NAVARRO, DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| General Order Re Use of Voluntary Efficient Litigation Stipulations | ORDER PURSUANT TO CCP 1054(a), EXTENDING TIME TO RESPOND BY 30 DAYS WHEN PARTIES AGREE TO EARLY ORGANIZATIONAL MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: May 11, 2011

Carolyn B. Kuhl, Supervising Judge of the Civil Departments, Los Angeles Superior Court

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By [signature], Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT – MANDATORY ELECTRONIC FILING FOR CIVIL | FIRST AMENDED GENERAL ORDER |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

KEVIN C. BRAZILE
Presiding Judge

# EXHIBIT E

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/14/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: G. Delgado Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>26STCV29218 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | William F. Highberger | 10 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record David W. Slayton, Executive Officer / Clerk of Court

on 09/15/2026 (Date) By G. Delgado, Deputy Clerk



**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# EXHIBIT F

FILED
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By [signature], Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT – MANDATORY ELECTRONIC FILING FOR CIVIL

FIRST AMENDED GENERAL ORDER

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

e) **"Electronic Filing Service Provider"** An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court. (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"** For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"** An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"** A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format. Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs. Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

ii) Bonds/Undertaking documents;

iii) Trial and Evidentiary Hearing Exhibits

iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted. (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

i) Any printed document required pursuant to a Standing or General Order;

ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

iii) Pleadings and motions that include points and authorities;

iv) Demurrers;

v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

vi) Motions for Summary Judgment/Adjudication; and

vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

11) SIGNATURES ON ELECTRONIC FILING

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Kevin C. Brazile

KEVIN C. BRAZILE
Presiding Judge

# EXHIBIT G

Electronically FILED by Superior Court of California, County of Los Angeles 10/26/2026 12:37 PM David W. Slayton, Executive Officer/Clerk of Court, By E. Davis, Deputy Clerk

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

| | |
|---|---|
| THOMAS DANIEL, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., d/b/a STARLINK and DOES 1-10 inclusive,<br><br>Defendants. | Case No. **26STCV29218**<br><br>PROOF OF SERVICE OF INITIAL STATUS CONFRENCE ORDER AND COURT ORDER |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause.

On October 26, 2026, I served a true copy of the **INITIAL STATUS CONFRENCE ORDER and ORDER RE: SETTING INITIAL STATUS CONFERENCE** a copy of which is attached herein as "Exhibit A," by depositing them in the United States Mail in a sealed envelope with the postage thereon fully prepaid, to the following:

Space Exploration Technologies Corp. d/b/a Starlink
c/o CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150n
Sacramento, CA 95833

I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Chicago, Illinois in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or

postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this October 26, 2026, at Chicago, Illinois.



Patria Hammer

# EXHIBIT A

FILED
Superior Court of California
County of Los Angeles
09/30/2026
David W. Slayton, Executive Officer / Clerk of Court
By: E. Muñoz Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

THOMAS DANIEL

Plaintiff,

v.

SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A STARLINK, et al.

Defendant,

Case No. 26STCV29218

INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS)

Case Assigned for All Purposes to Judge William F. Highberger

Department: SS10
Date: 03/25/2027
Time: 03:00 P.M.

This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order. Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions. Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

The court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and

discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please

explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. **POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

11. **PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from

general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. REMINDER WHEN SEEKING TO DISMISS:**

> "A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

---

[1] See California Rule of Court, Rule 3.768.
[2] California Rule of Court, Rule 3.770(a)

If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**17. REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

**18. NOTICE OF THE ISC ORDER:**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order. If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order. Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

Dated: 09/30/2026

William F. Highberger / Judge

William F. Highberger
Judge of the Los Angeles Superior Court

# EXHIBIT H

Electronically FILED by Superior Court of California, County of Los Angeles 10/26/2026 12:37 PM David W. Slayton, Executive Officer/Clerk of Court, By E. Davis, Deputy Clerk

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

| | |
|---|---|
| THOMAS DANIEL, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., d/b/a STARLINK and DOES 1-10 inclusive,<br><br>Defendants. | Case No. **26STCV29218**<br><br>PROOF OF SERVICE OF INITIAL STATUS CONFRENCE ORDER AND COURT ORDER |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause.

On October 26, 2026, I served a true copy of the **INITIAL STATUS CONFRENCE ORDER and ORDER RE: SETTING INITIAL STATUS CONFERENCE** a copy of which is attached herein as “Exhibit A,” by depositing them in the United States Mail in a sealed envelope with the postage thereon fully prepaid, to the following:

Space Exploration Technologies Corp. d/b/a Starlink
c/o CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150n
Sacramento, CA 95833

I am readily familiar with the firm’s practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Chicago, Illinois in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or

postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this October 26, 2026, at Chicago, Illinois.

Patria Hammer

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 10

**26STCV29218**
**THOMAS DANIEL vs SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A STARLINK, et al.**

October 5, 2026
3:44 PM

Judge: Honorable William F. Highberger
Judicial Assistant: Esmeralda Muñoz
Courtroom Assistant: Sergio Soto

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Setting Initial Status Conference;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 03/25/2027 at 03:00 PM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 10

**26STCV29218**
**THOMAS DANIEL vs SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A STARLINK, et al.**

October 5, 2026
3:44 PM

Judge: Honorable William F. Highberger
Judicial Assistant: Esmeralda Muñoz
Courtroom Assistant: Sergio Soto

CSR: None
ERM: None
Deputy Sheriff: None

---

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

Parties shall file all documents in conformity with Superior Court of Los Angeles County Local Rule 3.4, particularly the provisions requiring bookmarking (Local Rule 3.4(f)(2-5)).

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner.
https://www.lacourt.ca.gov/pages/lp/language-access-services/tp/request-a-court-interpreter

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.ca.gov/pages/lp/civil/tp/civil-case-types-and-specialty-courtrooms/cp/complex-civil-litigation.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Service is attached.

# EXHIBIT I

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/26/2026 12:37 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Davis, Deputy Clerk

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

| | |
|---|---|
| THOMAS DANIEL, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., d/b/a STARLINK and DOES 1-10 inclusive,<br><br>Defendants. | Case No. **26STCV29218**<br><br>PROOF OF SERVICE OF INITIAL STATUS CONFRENCE ORDER AND COURT ORDER |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause.

On October 26, 2026, I served a true copy of the **INITIAL STATUS CONFRENCE ORDER and ORDER RE: SETTING INITIAL STATUS CONFERENCE** a copy of which is attached herein as “Exhibit A,” by depositing them in the United States Mail in a sealed envelope with the postage thereon fully prepaid, to the following:

Space Exploration Technologies Corp. d/b/a Starlink
c/o CSC-Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150n
Sacramento, CA 95833

I am readily familiar with the firm’s practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Chicago, Illinois in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or

postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this October 26, 2026, at Chicago, Illinois.



Patria Hammer

# EXHIBIT A

FILED
Superior Court of California
County of Los Angeles
09/30/2026
David W. Slayton, Executive Officer / Clerk of Court
By: E. Muñoz Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| THOMAS DANIEL<br>Plaintiff,<br>v.<br>SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A STARLINK, et al.<br>Defendant, | Case No. 26STCV29218<br>INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS)<br>Case Assigned for All Purposes to Judge William F. Highberger<br>Department: SS10<br>Date: 03/25/2027<br>Time: 03:00 P.M. |

This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order. Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions. Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

The court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and

discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1. **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2. **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3. **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4. **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5. **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):** If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please

explain. No prejudice will attach to these responses.

6. **ESTIMATED CLASS SIZE:** Please discuss and indicate the estimated class size.

7. **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:** Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

8. **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:** Please state whether arbitration is an issue in this case and attach a sample of any relevant clause of this sort. Opposing parties must summarize their views on this issue.

9. **POTENTIAL EARLY CRUCIAL MOTIONS:** Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, including one or more of the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

10. **CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so, whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

11. **PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from

general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12. DISCOVERY:** Please discuss a discovery plan. If the parties cannot agree on a plan, summarize each side's views on discovery. The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) at the initial stage unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

**13. INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

**14. ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it. If pertinent, how can the court help identify the correct neutral and prepare the case for a successful settlement negotiation?

**15. TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

- The next status conference,
- A schedule for alternative dispute resolution, if it is relevant,
- A filing deadline for the motion for class certification, and
- Filing deadlines and descriptions for other anticipated non-discovery motions.

**16. REMINDER WHEN SEEKING TO DISMISS:**

> "A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

---

[1] See California Rule of Court, Rule 3.768.

[2] California Rule of Court, Rule 3.770(a)

If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

**17. REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**

Plaintiff(s) must address the issue of any fee splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769, and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal.App. 4th 219.

**18. NOTICE OF THE ISC ORDER:**

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order. If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order. Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

Dated: 09/30/2026

William F. Highberger / Judge
William F. Highberger
Judge of the Los Angeles Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 10

**26STCV29218**
**THOMAS DANIEL vs SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A STARLINK, et al.**

October 5, 2026
3:44 PM

Judge: Honorable William F. Highberger
Judicial Assistant: Esmeralda Muñoz
Courtroom Assistant: Sergio Soto

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Setting Initial Status Conference;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 03/25/2027 at 03:00 PM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Spring Street Courthouse, Department 10

**26STCV29218**
**THOMAS DANIEL vs SPACE EXPLORATION TECHNOLOGIES CORP. D/B/A STARLINK, et al.**

October 5, 2026
3:44 PM

Judge: Honorable William F. Highberger
Judicial Assistant: Esmeralda Muñoz
Courtroom Assistant: Sergio Soto

CSR: None
ERM: None
Deputy Sheriff: None

---

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

Parties shall file all documents in conformity with Superior Court of Los Angeles County Local Rule 3.4, particularly the provisions requiring bookmarking (Local Rule 3.4(f)(2-5)).

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner.
https://www.lacourt.ca.gov/pages/lp/language-access-services/tp/request-a-court-interpreter

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.ca.gov/pages/lp/civil/tp/civil-case-types-and-specialty-courtrooms/cp/complex-civil-litigation.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Certificate of Service is attached.

# EXHIBIT J

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **TODD FRIEDMAN SBN 216752**<br>**Law Offices of Todd M. Friedman,PC**<br>**23586 Calabasas Rd. 105**<br>**Calabasas, CA 91302**<br>TELEPHONE NO.: **(323) 306-4236** FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: **tfriedman@toddflaw.com**<br>ATTORNEY FOR *(Name)*: **Plaintiff** | **Electronically FILED by Superior Court of California, County of Los Angeles 10/26/2026 12:34 PM David W. Slayton, Executive Officer/Clerk of Court, By E. Davis, Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK**<br>STREET ADDRESS: 111 N Hill St<br>MAILING ADDRESS: 111 N Hill St<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK | |
| PLAINTIFF/PETITIONER: Thomas Daniel<br>DEFENDANT/RESPONDENT: Space Exploration Technologies Corp. d/b/a Starlink | CASE NUMBER:<br>26STCV29218 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>1 |

(Separate proof of service is required for each party served.)

1. At the time of service I was at least 18 years of age and not a party to this action. BY FAX

2. I served copies of: ***Summons; Complaint; Civil Cover Sheet; Notice of Assignment; Alternative Dispute Resolution Packet; ADR Information Packet***

3. a. Party served *(specify name of party as shown on documents served)*: ***Space Exploration Technologies Corp., d/b/a Starlink***

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*: **Alex Jenkins, Agent for CSC**

4. Address where the party was served: ***2710 Gateway Oaks Dr, 150n Sacramento, CA 95833***

5. I served the party *(check proper box)*

   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **9/30/2026** (2) at: **12:52 PM**

   b. ☐ **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   **Gender: Height: Weight: Race: Hair: Other:**

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dweling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents: *on:* from: **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the

| PLAINTIFF/PETITIONER: Thomas Daniel<br>DEFENDANT/RESPONDENT: Space Exploration Technologies Corp. d/b/a Starlink | CASE NUMBER:<br>26STCV29218 |
|---|---|

address shown in item 4, by first-class mail, postage prepaid,

(1) on: (2) from:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):* **Space Exploration Technologies Corp., d/b/a Starlink** under the following Code of Civil Procedure section:

☒ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7. **Person who served papers**

a. Name: **Robert J. Mason**
b. Address: **1000 Corporate Center Drive 110, Monterey Park, CA 91754**
c. Telephone number: **800-366-5445**
d. **The fee** for service was: **$137.50**
e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ a registered California process server:

(i) ☐ owner ☐ employee ☒ independent contractor.

(ii) Registration No.: **03-007**

(iii) County: **Placer**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Proceed

**Robert J. Mason** Date: **10/06/2026**

# EXHIBIT K

Thomas Daniel Aviation Home Airports Blog Travel Trips Training Files Contact Me

# About Me

I am a Gold Seal CFII (Certificated Flight Instructor, Instrument), a Platinum CSIP (Cirrus Standarized Instructor Pilot), and the receipient of the 2023 CSIP of the Year award.

I teach at JATO Aviation and work with private owners mainly at San Carlos and Palo Alto airports for private pilot or commercial certificates, instrument ratings, fight reviews, IPCs and recurrent training. I am available for Cirrus transition training including the Embark program. Having owned and flown Cirrus aircraft since 2003, I have close to 5,000 hours dual instruction given in SR-series airplanes.

As the Dean of Advanced Avionics College at COPA University, I develop and teach courses for Cirrus Perspective, Garmin GTN and GNS, and Avidyne IFD and DFC avionics equipment. Detailed information about these courses and registration can be found through the Cirrus Pilot Proficiency Program.

Please visit my Training pages and contact me for transition and recurrent training, BFRs, IPCs, ferry services or if you just have a question about Cirrus. If you are not located in San Francisco Bay Area, I can fly to your location to provide instruction.

CSIP PLATINUM

